UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ATTACHMATE CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>CELCOM AXIATA BERHAD, f.k.a. CELCOM (MALAYSIA) BERHAD, a Foreign corporation,<br><br>Defendant. | CASE NO. C10-0526-RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

## I. INTRODUCTION

This matter comes before the Court on Motion to Dismiss (Dkt. #25) brought by Defendant Celcom Axiata Berhad ("Defendant"). Plaintiff Attachmate Corporation ("Plaintiff") alleges that Defendant has infringed on copyrights owned by Plaintiff for software that Plaintiff produces. Plaintiff also alleges breach of express and implied contract. The contracts in question are governed by End User License Agreements ("EULAs"), also known as "click-through" agreements. Plaintiff seeks actual and statutory damages, as well as costs and fees.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 1

Plaintiff also seeks preliminary and permanent injunctions enjoining Defendant from engaging in acts of infringement and breach of contract, and requiring Defendant to produce for deposition a corporate representative to testify as to Defendant's compliance and non-compliance with Plaintiff's license agreements.  Defendant has moved for dismissal, arguing that this Court lacks personal jurisdiction; venue is improper; United States copyright laws do not apply extraterritorially; the breach of contract claim is preempted by the Copyright Act; and Plaintiff failed to state a claim for breach of contract.

For the reasons set forth below the Court GRANTS Defendant's Motion to Dismiss.

## II. **BACKGROUND**

Defendant is a mobile network service provider located in Malaysia.  Plaintiff produces multi-host access, integration, and security management software, and is located in Washington.  Defendant has allegedly entered into a series of EULAs with Plaintiff in order to secure the right to install single-user desktop copies of versions of Plaintiff's products.  Plaintiff claims that Defendant exceeded the scope of the license agreements and requested a third-party audit of its products installed on Defendant's computers.  Plaintiff claims that this audit revealed unauthorized reproduction, installation, access, and use of its software, for which Defendant has refused to pay.

## III. **DISCUSSION**

**A.  Specific Jurisdiction**

1. Copyright Infringement

Plaintiff brings a claim for copyright infringement, as set forth under 17 U.S.C. § 106 of the Copyright Act. In response to Plaintiff's claim for copyright infringement, Defendant has argued that United States copyright laws do not apply extraterritorially, and therefore the

1  copyright claims must be dismissed. Plaintiff has not contested this argument. Under CR
2  7(b)(2), the Court is permitted to dismiss claims provided that Plaintiff has failed to address
3  Defendant's argument. The Court finds that Defendant's argument has merit. As such,
4  Plaintiff's claims for copyright infringement are dismissed, and Defendant's alleged
5  infringement of Plaintiff's copyrights cannot be employed by this Court as a grounds upon which
6  to confer personal jurisdiction over Defendant.

2. <u>Breach of the End User License Agreements</u>

Plaintiff's second claim is for breach of express and implied contract governed by the EULAs. In determining whether a defendant has sufficient minimum contacts with Washington so as to confer specific jurisdiction, this Court must look to the Ninth Circuit's three-prong test:

> (1) The non-resident must purposefully direct his activities…or purposefully avail himself of the privilege of conducting activities in the forum…; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir. 2004).

The first prong of the specific jurisdiction test is satisfied by either purposeful availment or purposeful direction. *Attachmate Corp. v. Public Health Trust of Miami-Dade County*, 686 F.Supp.2d 1140, 1146 (W.D. Wash 2010)(citing *Brayton Purcell LLP v. Recordon & Recordon*, 575 F.3d 981, 985 (9th Cir. 2009), opinion superseded, 606 F.3d 1124 (9th Cir. 2010)). Typically, courts use a purposeful availment analysis when the action sounds in contract and employ a purposeful direction analysis when the action sounds in tort. *Id*. In the case at hand, Plaintiff has asserted claims for both copyright infringement and for breach of contract, which sound in tort and contract, respectively. *Id*. As the copyright claims have been dismissed, the only

1  remaining claim is for breach of contract.  Therefore, this Court must employ a purposeful

2  availment analysis in determining whether it may exercise personal jurisdiction over Defendant.

3        A defendant is typically said to have purposefully availed himself of the privilege of

4  doing business in a forum state upon a showing of evidence that defendant has engaged in certain

5  actions in the forum, such as executing or performing a contract there, and thereby invoking the

6  benefits and protections of the forum's laws.  *Schwarzenegger*, 374 F.3d at 802 (quoting *Hanson*

7  *v. Denkla*, 357 U.S. 235, 253 (1958)).  However, a contract alone does not automatically

8  establish the minimum contacts necessary for purposes of personal jurisdiction.  *Gray & Co. v.*

9  *Firstenberg Machinery Co., Inc.* 913 F.3d 758, 760 (9th Cir. 1990).  While prior negotiations,

10 contemplated future consequences, and a course of dealing are factors to be considered, the

11 foreseeability of causing injury is not sufficient to confer jurisdiction.  *Id.*

12       Here, Plaintiff argues that Defendant's breach of the EULAs is sufficient to confer

13 personal jurisdiction over Defendant.  However, Defendant's acceptance of the EULAs in the

14 form of "click-through" agreements is insufficient to establish the contacts necessary for the

15 exercise of personal jurisdiction.  The EULAs themselves constitute contracts entered into by

16 Defendant from afar, and without more, cannot satisfy minimum contacts.  Defendant's

17 acceptance and breach of these contracts occurred entirely outside of Washington.  Though

18 Defendant may have foreseen that its conduct would result in a breach of these agreements, and

19 defendant engaged in some communication with Plaintiff, the crux of Defendant's contact with

20 the forum remains its mere acceptance of the EULAs.

21       Plaintiff contends that language in the EULAs stating that the contracts are "governed by

22 the laws of the State of Washington, USA" is evidence of purposeful availment and

23 foreseeability of future harm on the part of Defendant. Dkt.# 29.  However, this language cannot

24

1 be said to require that litigation occur in a particular court.  A court may find exclusive
2 jurisdiction has been conferred upon the use of mandatory language, which makes clear that
3 venue lies exclusively in a specified location.  *Docksider v. Sea Technology,* 875 F.2d 762, 763-
4 764 (9th Cir. 1989).  Here, the language falls short of requiring that venue be set in Washington.
5 As such, the language in question does not constitute significant evidence of contact between
6 Defendant and the forum.  Therefore, it cannot be said that Defendant purposefully availed itself
7 of the privilege of conducting activities in the forum, and Defendant's contractual relationship
8 alone does not constitute the minimum contact necessary to satisfy the requirements of due
9 process.  Because the first prong of the specific jurisdiction test has not been satisfied, the Court
10 need not discuss the additional prongs.

**B.  General Jurisdiction**

The exercise of general jurisdiction is permitted where contacts with the forum state are found to be "substantial" or "systematic and continuous." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984).  In cases where general jurisdiction exists, suit may be brought on causes of action that are distinct from the activities that give rise to general jurisdiction. *International Shoe v. State of Wash.,* 326 U.S. 310, 318-319 (1945).  In analyzing general jurisdiction, the Ninth Circuit has relied on several factors.  These factors include whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there.  The court evaluates the nature and extent of the contacts in order to determine whether they are "substantial" or "continuous and systematic." *Tuazon v. R.J. Reynolds Tobbacco Co.*, 433 F.3d 1163, 1172 (9th Cir. 2006). Longevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets are indicators of a continuous or substantial presence. *Id.*

1   In this case, Defendant's contacts with the forum state (other than Defendant's acceptance of Plaintiff's EULAs) consist of roaming contracts with T-Mobile USA and a possible "business alliance" with Vodafone Group.  Defendant's additional contacts with the forum are not sufficient to establish general jurisdiction.  Defendant has not registered in the state and it does not solicit business or engage in any kind of marketing in the state, nor does it have an office or agent in the state.  Ostensibly, the roaming contracts with T-Mobile are limited to providing service to travelers who subscribe to Defendant's home network. As such it cannot be said that such agreements create the volume or economic impact that evince a finding of general jurisdiction.  This Court need not reach the merits of the parties' arguments regarding copyright infringement, breach of contract, and preemption by the Copyright Act.

## IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendant's Motion to Dismiss (Dkt. #25) is GRANTED due to lack of personal jurisdiction.

(2) This action is DISMISSED.  The Clerk is directed to close this case.

Dated November 22, 2010.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE